IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **ROBERT TYLER LUNN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 1:24-cv-00089** |
| | ) | |
| **MRC GLOBAL (US) INC.** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

For the reasons stated herein, Defendant's pending motion for summary judgment (Doc. No. 20), which is fully briefed (Doc. Nos. 22, 25), is **DENIED**.

This is a personal injury action arising from an incident that occurred in September 2023, when a forklift being operated in reverse by one of Defendant's employees, Ricky Livingston, made contact with Plaintiff's right ankle area. The incident was captured on surveillance video. Plaintiff filed the present lawsuit against Defendant in August 2024, claiming that it was negligent, including in its hiring, training, and/or retention of Livingston, and that it is vicariously liable for Livingston's alleged negligence in operating the forklift.

Summary judgment is appropriate only where there is "no genuine dispute as to any material fact" and the movant shows they are "entitled to judgement as a matter of law," Fed. R. Civ. P. 56(a), "which requires showing that no 'reasonable jury could return a verdict for the nonmoving party.'" *Caudle v. Hard Drive Express, Inc.*, 91 F.4th 1233, 1237 (6th Cir. 2024) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Defendant, as the party bringing the present summary judgment motion, has "the initial burden of informing the district court of the basis for [its] motion and identifying portions of the record that demonstrate the

absence of a genuine dispute over material facts," *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003), either "by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating 'an absence of evidence to support the nonmoving party's case.'" *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). To determine whether summary judgment is appropriate, the Court views the evidence and draws all reasonable inferences therefrom in a light favorable to the non-moving party. *See Anderson*, 477 U.S. at 249.

Defendant's motion (Doc. No. 20) is **DENIED** because it fails to show the absence of genuine disputes as to the material facts of Plaintiff's claims or that it is entitled to judgment in its favor as a matter of law. (*See* Plaintiff's responses to Defendant's statement of undisputed material facts, Doc. No. 22-1 ¶¶ 4, 7, 9-12, 14, 17-18). Moreover, Defendant's arguments are premised on a view of the evidence and inferences therefrom in the light most favorable to itself, which the Court cannot do in resolving a moving party's motion for summary judgment. *See Anderson*, 477 U.S. at 249.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE